IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TRAVIS W. FOOTE,                        )
                                        )
            Petitioner,                 )
                                        )
                                        )        CIV-08-223-F
v.                                      )
                                        )
GREG PROVINCE, Warden,                  )
                                        )
            Respondent.                 )

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for

Rape in the First Degree in violation of Okla. Stat. tit. 21, § 1114, Aiding and Abetting

Assault and Battery with Intent to Kill in violation of Okla. Stat. tit. 21, §§ 652(c) and 172,

and Kidnapping in violation of Okla. Stat. tit. 21, § 741, entered against him in the District

Court of Pottawatomie County, Case No. CF-2003-463, following a jury trial.  For these

convictions, Petitioner is serving an aggregate 60-year term of imprisonment in the custody

of the Oklahoma Department of Corrections.[1]  Respondent has responded to the Petition and

filed the relevant state court records, including the transcripts of Petitioner's trial (hereinafter

---

[1]Petitioner has future sentences to serve in the custody of the Oklahoma Department of
Corrections, including a 20-year term of imprisonment for the offense of Lewd or Indecent
Proposals or Acts as to Child Under 16 and a 60-year term of imprisonment for the offense of Rape
in the First Degree by Instrumentation.  Petitioner is also serving a concurrent 5-year term of
imprisonment for the offense of Sexual Battery. http://www.doc.state.ok.us (Oklahoma Department
of Corrections' records; offender search conducted July 18, 2008).

"TR ___"), the original record (hereinafter "OR ___"), and the original post-conviction record (hereinafter "OR PC __"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be denied.

I. Background

In a charging information filed on December 16, 2003, in the District Court of Pottawatomie County, Case No. CF-2003-463, Petitioner was charged with the offenses of Rape in the First Degree, Forcible Oral Sodomy, and Assault and Battery with Intent to Kill. The charges in Case No. CF-2003-463 involve a violent sexual assault of a female victim by two men.  The victim was taken by the men in a pick-up truck to a remote location in Pottawatomie County where she was raped, beaten, and then thrown over a bridge.  The victim survived the attack, although she sustained serious injuries in the approximately 35-foot fall from the bridge, including a broken neck. OR, at 1- 3 (application for warrant for arrest). In an amended information filed in the case on May 10, 2004, Petitioner was charged with the foregoing three offenses and two additional offenses of Forcible Anal Sodomy and Kidnapping.  Petitioner retained private counsel, and a jury trial on these charges was conducted on September 14-17, 2004.  On the motion of the prosecution, the charge of Forcible Anal Sodomy was dismissed during the trial.  The jury found Petitioner not guilty of the Forcible Oral Sodomy charge and was unable to reach a verdict as to the remaining charges, and the court declared a mistrial as to counts one, two, and four.

In an amended information filed March 8, 2005, Petitioner was charged with the

offenses of Rape in the First Degree, Assault and Battery with Intent to Kill, and Kidnapping. The trial on these charges was conducted on March 8-10, 2005.  On March 10, 2005, the jury found Petitioner guilty of all three counts and recommended sentences of thirty years, twenty years, and ten years, respectively.  Petitioner was sentenced on April 6, 2005, to terms of imprisonment consistent with the jury's recommendation, and the trial court ordered the sentences to run consecutively.  New counsel was appointed by the court to represent Petitioner on appeal.

In his direct appeal, Petitioner contended that (1) the admission of statements made by Petitioner to his wife during their marriage violated state law protecting marital communications; (2) the prosecutor's improper reference to flight during the trial deprived Petitioner of a fair trial; (3) prosecutorial misconduct during closing arguments which materially misrepresented the law deprived Petitioner of a fair trial; (4) admission of victim impact evidence to elicit jury sympathy for the victim was highly prejudicial and defense counsel's failure to object to this evidence was ineffective assistance of counsel; and (5) cumulative errors occurring during the trial deprived Petitioner of a fair trial. Response, Ex. 1.  The State responded in opposition to each of these contentions. Response, Ex. 2.  In an unpublished summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") rejected each of Petitioner's claims and affirmed the convictions and sentences. Response, Ex. 3 (Foote v. State, No. F-2005-387 (Okla. Crim. App. July 31, 2006)).

In a post-conviction application filed *pro se* in the district court in March 2007, Petitioner alleged that the trial court erred in admitting evidence of other crimes; the jury was

compromised by receiving external communication from the media and improper contact with a judge, thereby denying Petitioner a fair trial; Petitioner was denied effective assistance of trial counsel; the evidence was insufficient for the jury to have found Petitioner guilty of the charged offenses; and Petitioner was denied effective assistance of appellate counsel based on counsel's failure to assert the foregoing claims. OR PC, at 1-38. The district court denied the application. OR PC, at 103-105. The OCCA issued a decision on August 6, 2007, affirming the district court's decision. Response, Ex. 5. The OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel on its merits and found that Petitioner had procedurally defaulted the remaining claims due to his failure to raise the claims in his direct appeal and failure to show sufficient cause for the default.

Petitioner, who is represented by counsel, now seeks federal habeas relief with respect to the convictions in Case No. CF-2003-463. In his Petition, Petitioner asserts the following claims for relief. In ground one, Petitioner contends that he was denied effective assistance of trial counsel. In ground two, Petitioner asserts that he was denied effective assistance of appellate counsel. In ground three, Petitioner contends that "evidence violating spousal privilege was admitted." Petition, at 9. In ground four, Petitioner raises a claim of prosecutorial misconduct during closing arguments in which he asserts the "prosecutor materially misrepresented the law." Petition, at 11. In his fifth ground for habeas relief, Petitioner asserts error in the "introduction of other crimes evidence." Petitioner refers only to "exhibit 2" as factual support for this claim. In ground six, Petitioner contends he was denied an "impartial jury," and he again refers to "exhibit 2" to support this claim. In ground

4

seven, Petitioner contends "insufficient evidence" was presented at trial based on "exhibit 2." In his eighth ground, Petitioner asserts that the "jury did not assess punishment," and Petitioner refers only to "exhibit 2" for factual support.

In a separately-filed Brief in Support of the Petition, Petitioner states that he "adopts by reference Propositions I and III of the Brief filed on his behalf" in his direct appeal. Brief in Support of Petition, at 8. Petitioner further states that he "adopts and incorporates by reference all seven propositions of errors" raised in his post-conviction application. Brief in Support of Petition, at 9. In his Brief in Support of the Petition, Petitioner addresses the merits of only two of his claims, the claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Although Petitioner asserts that he "adopts by reference" two of the arguments made in his direct appeal, Petitioner does not specifically relate those appellate arguments to any of the eight claims presented in the Petition, thus leaving it to the Court to determine which of Petitioner's claims asserted in his Petition should be considered based on arguments he previously asserted in his state court direct appeal. More significantly, nowhere in the Petition or the Brief in Support of the Petition is any reference made to the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the AEDPA standard governing Petitioner's claims that were addressed and rejected on their merits by the OCCA. Furthermore, there is no recognition in the Petition or the Brief in Support of the Petition that Petitioner's claims asserted in his post-conviction application, other than his claim of ineffective assistance of appellate counsel, were found by the OCCA to have been procedurally defaulted due to Petitioner's failure to assert those claims in his

direct appeal.  Nor has Petitioner made any effort to tailor the procedurally-defaulted claims in a manner that addresses the requirements of the procedural default doctrine.

The Tenth Circuit Court of Appeals has held that "perfunctory and cursory reference without citation to authority in support of a legal argument is inadequate to warrant consideration" in a federal appellate proceeding. United States v. Almaraz, 306 F.3d 1031, 1041 (10th Cir. 2002).  While the practice of adopting previous state court pleadings is generally allowed in *pro se* habeas proceedings, which are governed by a particularly generous review standard, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007), Petitioner is represented by private counsel. Thus, the generous review standard established in Haines for *pro se* pleadings does not apply. United States v. Blackwell, 81 F.3d 945, 947 n. 1 (10th Cir. 1996)(declining to construe motion as § 2255 petition because "we will not liberally construe pleadings prepared by counsel"); United States v. Fennell, 207 F. App'x 916, 918 (10th Cir. Dec. 7, 2006)(unpublished op.).  The Tenth Circuit Court of Appeals has held that because there is no constitutional right to a hybrid form of representation, courts need not consider any filings made *pro se* by a litigant who is represented by counsel. See United States v. Sandoval-De Lao, No. 07-1508, 2008 WL 2569321 (10th Cir. June 30, 2008)(unpublished op.)(citing United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995); United States v. Bennett, 539 F.2d 45, 49 (10th Cir. 1976), and the unpublished decision in United States v. Castellon, 218 F. App'x 775, 780 (10th Cir. 2007).  For these reasons, the undersigned will consider only the arguments presented by Petitioner's counsel in the Brief in Support of the Petition

and those arguments presented in Petitioner's direct appeal that have been adopted by reference by Petitioner herein. Because Petitioner is represented by counsel, the undersigned declines to construe the inartful pleadings contained in Petitioner's *pro se* state court post-conviction application.

II. Standard of Review

The AEDPA applies to this habeas proceeding because Petitioner filed his 28 U.S.C. § 2254 Petition after AEDPA's effective date. With respect to Petitioner's claims that were adjudicated on their merits in state court, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under this standard, federal courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). If there is no clearly established federal law in Supreme Court cases involving facts that are closely-related or similar to those in the case being reviewed, the court need not assess whether the state court's holding was "contrary to" or an "unreasonable application" of established federal law. House v. Hatch, 527 F.3d 1010, 1016-1017 (10th Cir. 2008)(interpreting Carey v. Musladin, 549 U.S. 70 (2006)). Where the Supreme Court's "cases give no clear answer to the question presented, ...., it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law," and habeas "relief is unauthorized" under the explicit language of

28 U.S.C. § 2254(d)(1).   Wright v. Van Patten, __ U.S. __, 128 S. Ct. 743, 747 (2008)(internal quotation and citation omitted).

If "the threshold question as to the existence of clearly established federal law" is answered affirmatively, then the reviewing court must determine whether the state court decision is either contrary to or an unreasonable application of that law. House, 527 F. 3d at 1010, 1018. A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Williams, 529 U.S. at 405-406, 413.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).   With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(per curiam).   "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson,   542 U.S. 649, 652 (2004)(per curiam)(citations omitted).

As to any factual issues raised in the Petition, the court must determine whether the

8

state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, AEDPA mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. State Court Error in Admission of Evidence

In ground three of the Petition, Petitioner asserts that "evidence violating spousal privilege was admitted" at his trial. Petitioner refers only to "Exhibit '1'" as support for this claim. This is apparently a reference to the Brief of Appellant filed by Petitioner in his direct appeal.[2] In Proposition I of the Brief of Appellant, Petitioner asserted that "The State's Introduction of Statements Made by Appellant to his Wife During Their Marriage Violated the Marital Privilege." Response, Ex. 1, at 10. In this argument, Petitioner referred to the following trial testimony:

> During its case-in-chief, the State called Mr. Foote's ex-wife, Michelle Dawn Finney, to testify about her sex life with Mr. Foote. More specifically, she was called to testify that during her marriage to Mr. Foote, she engaged in role-playing games with him. In those games, Mr. Foote pretended to be a cab driver and his wife pretended to be a hitchhiker without any money. (2 Tr. III: 538-539) When the "hitchhiker" announced to the "cabbie" that she had no money he replied, "You can't ride for free." (2 Tr. III: 539) Thereafter, the hitchhiker rendered services in lieu of cash for the fare. (2 Tr. III: 539).

---

[2]A copy of the Brief of Appellant filed by Petitioner in his direct appeal is attached to the Brief in Support of the Petition and labeled "Exhibit 1."

Response, Ex. 1, at 12.  The trial record reflects Ms. Finney testified that Petitioner liked to "fantasize about certain things" during sexual activities and that she would "tell him stories" such as this one about a cab driver and a hitchhiker. TR vol. III, at 539.  Both the victim and Petitioner's accomplice, Mr. Melencamp, who testified for the prosecution although he admittedly was present at the time of the offenses, testified that Petitioner stated to the victim that she "wasn't going to get a ride for free" or "nobody rides for free" as he pulled her head into his lap and held her there against her will. TR vol. II, at 300, 396-397.

In the OCCA's opinion entered in Petitioner's direct appeal, the OCCA reviewed this issue under the court's plain error standard because Petitioner did not object to this evidence at trial. Response, Ex. 3, at 2.  With respect to this issue, the appellate court found that Petitioner

> and Finney were not still married at the time of trial.  Therefore, it is questionable whether the privilege actually applied.  If it did apply, any confidentiality in [Petitioner's] use of the phrase 'nobody rides for free' was lost when he spoke the phrase in the presence of the victim and Melencamp. *See Johnson v. State,* 1995 OK CR 62, ¶ 18, 911 P.2d 918, 924.  Further [Petitioner] testified and denied making the statement.  Therefore, we find no plain error.

Response, Ex. 3, at 2.  Petitioner has not provided clear and convincing evidence sufficient to overcome the presumption of correctness attached to the factual findings underlying this determination. 28 U.S.C. § 2254(e)(1).

It is well established that the federal writ of habeas corpus reaches only convictions obtained in violation of the United States Constitution, laws, or treaties. *E.g.*, <u>Mabry v.</u>

10

Johnson, 467 U.S. 504, 507 (1984); Pulley v. Harris, 465 U.S. 37, 41 (1984); Smith v. Phillips, 455 U.S. 209, 221 (1982)("Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1979), cert. denied, 444 U.S. 1047 (1980). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McQuire, 502 U.S. 62, 67-68 (1991).

Oklahoma law provides that "[a]n accused in a criminal proceeding has a privilege to prevent his spouse from testifying as to any confidential communication between the accused and the spouse." Okla. Stat. tit. 12, §2504(B). Here, relying on prior Oklahoma precedent, the OCCA determined that Petitioner waived the marital privilege when he spoke the same phrase to third parties. Petitioner has not alleged, and the record fails to show, that the state court error of which Petitioner complains "'deprived him of fundamental rights guaranteed by the Constitution of the United States.'" Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir.)(quoting Brinlee, 608 F.2d at 843), cert. denied, 525 U.S. 950 (1998). Because Petitioner has not shown that the OCCA's decision was contrary to or an unreasonable application of controlling Supreme Court precedent, Petitioner is not entitled to federal habeas relief concerning this claim.

## IV. Prosecutorial Misconduct

In ground four of the Petition, Petitioner contends that prosecutorial misconduct denied him a fair trial. Petitioner alleges only that the "prosecutor materially misrepresented the law." Petition, at 11. As support for this claim, Petitioner refers to "exhibit '1'." Petition,

at 11.   It is again assumed that Petitioner is referring to the Brief of Appellant filed by

Petitioner in his direct appeal.   In Proposition III of the Brief of Appellant the Petitioner

asserted that "A Material Misstatement of the Law by the Prosecutor Deprived Appellant of

a Fair Trial." Response, Ex. 1, at 21.   As support for this claim, Petitioner referred to the

following statements made by the prosecutor during closing arguments:

> [Defense counsel] said that the defendant did not know what the definition of accessory was.  Well, yes he did.  He testified to it  right - - almost right on the money in layman's terms at a previous hearing, and remember I brought that out.  And basically, what an accomplice is, is what I call "The Three Musketeers" section of the jury instructions.  It's all for one and one for all, is what it means.  It means you are as guilty - - even if you do just one portion of the crime or crimes, you are as guilty as if you had done them all.  That's just the law.  It may seem unfair, but that's the law.
>
> If you find this man did one thing - - if you find that this defendant did one thing in that entire act, then he is guilty of all.  And the jury instructions don't say you must have criminal intent.  So if he did one thing, he's guilty of all.  All for one and one for all.

TR vol. III, at 698-699; Response, Ex 1, at 22.  The OCCA rejected this claim and found that

> any misstatements made by the prosecutor during closing argument concerning the law of aiding and abetting did not deny [Petitioner] a fair trial.  Reviewing the prosecutor's comment in the context in which it was made, it was not an attempt to define the law to the jury.  Rather, it was a response to defense counsel's statement in closing argument that at most [Petitioner] was guilty of making poor decisions that night, not committing a crime, as he did not have the criminal intent necessary to make him a principal to the crime of rape.  Comments which are "invited" and do no more than respond substantially in order to "right the scale" do not warrant reversing a conviction. *Teafatiller v. State*, 1987 OK CR 141, ¶ 8, 739 P.2d 1009, 1010-1011.

>Further, the jury was given the uniform jury instructions on the law of aiding and abetting, the State's burden of proof, and the credibility of witnesses. [Petitioner] has not challenged these instructions or the presumption that jurors are presumed to follow their instructions. *See Ryder v. State*, 2004 OK CR 2, ¶ 83, 83 P.3d 856, 875.

Response, Ex. 3, at 3-4.

In this claim as presented in his direct appeal and adopted herein by reference, Petitioner does not allege that the prosecutor's argument directly affected a specific constitutional right. Under these circumstances, "[h]abeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998)(citing Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974)), cert. denied, 526 U.S. 1052 (1999). Cf. Torres v. Mullin, 317 F.3d 1145, 1158 (10th Cir.), cert. denied, 540 U.S. 1035 (2003)("Where prosecutorial misconduct directly affects a specific constitutional right such as the presumption of innocence or privilege against self-incrimination, a habeas petitioner need not establish that the entire trial was rendered unfair, but rather that the constitutional guarantee was so prejudiced that it effectively amounted to a denial of that right."). This determination is made "only after considering all of the surrounding circumstances, including the strength of the state's case." Malicoat v. Mullin, 426 F.3d 1241, 1255 (10th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

Having reviewed the record of Petitioner's trial, the trial was not rendered fundamentally unfair as a result of these comments. In Oklahoma, "[a]ll persons concerned

in the commission of crime, ... whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." Okla. Stat. tit. 21, § 172. As the OCCA pointed out in its decision, Petitioner's defense counsel's closing argument focused on Petitioner's trial testimony that he had not committed the offenses and had no intent to commit the offenses, although he admitted he was present at the time of the offenses. TR vol. III, at 689-697.  Petitioner testified that he did not know the definition of an accomplice, and Petitioner's defense counsel recited this testimony in closing arguments. TR vol. III, at 615, 695.

The victim testified at trial that Petitioner and his accomplice, Mr. Melencamp, forced her against her will to accompany them in Petitioner's pick-up truck to a remote location where both men raped her, Petitioner beat her and kicked her while she was on the ground, and Petitioner and Mr. Melencamp then threw her off a rural bridge and into a river below, where she suffered serious injuries, including a fractured neck. The victim managed to crawl out of the river and walk to a nearby residence, where she relayed information to the individual who lived there and to police.  Law enforcement officials and a sexual abuse nurse examiner testified at the trial concerning the victim's appearance and physical condition following the assaults and the extent of her injuries.  The testimony of these witnesses reflect that the victim showed signs of having been physically and sexually assaulted, and the testimony of these witnesses showed that the victim's statements made soon after the offenses were consistent with her trial testimony.   Mr. Melencamp testified at Petitioner's trial and admitted he was present during the assaults of the victim, but he testified that

Petitioner was the one who forced the victim to ride with them in Petitioner's truck to a remote location where Petitioner raped the victim and threw her off the bridge.  Other than the testimony related to his culpability in the offenses, Mr. Melencamp's and the victim's testimonies were consistent with respect to the Petitioner's culpability.

The prosecutor's reference in his closing arguments to the jury instructions on aiding and abetting and application of those instructions to the evidence presented at trial were statements made in response to defense counsel's argument.  Although the testimony of the victim and Mr. Melencamp differed regarding the culpability of Mr. Melencamp in the offenses, substantial evidence of Petitioner's guilt was presented at the trial.  The OCCA properly reviewed the prosecutor's comments in the context in which they were made and found that the comments fairly responded to defense counsel's argument.   "When a prosecutor responds to an attack made by defense counsel, [the court must] evaluate that response in light of the defense argument." Hopkinson v. Shillinger, 866 F.2d 1185, 1210 (10th Cir. 1989), cert. denied, 497 U.S. 1010 (1990). Considering the prosecutor's statements in the context of the entire trial, Petitioner's trial was not fundamentally unfair as a result of the prosecutor's comments during closing arguments.

V. Procedural Default

Federal courts do not consider issues raised in a § 2254 habeas proceeding "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998)(citing Coleman v. Thompson, 501

15

U.S. 722, 749-750 (1991)).  "'A state court's finding is considered independent if it is separate and distinct from federal law.'"  Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995)(quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995)(internal quotations omitted)).  "'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'"  Id. (quoting Brecheen, 41 F.3d at 1353)(internal quotations omitted).  "Although the prosecution has the ultimate burden of proving the adequacy of a state procedural bar, '[o]nce the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner.'"  Smallwood v. Gibson, 191 F.3d 1257, 1268 (10th Cir. 1999)(quoting Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999)), cert. denied, 531 U.S. 1030 (2000).

Petitioner relies entirely upon two arguments made by his court-appointed appellate counsel in his behalf on direct appeal.  Nevertheless, Petitioner asserts in ground two that his appellate counsel provided constitutionally deficient assistance by failing to raise another specific claim in the direct appeal.  Petitioner contends that his appellate counsel provided ineffective assistance by failing to assert a claim of ineffective assistance of Petitioner's trial counsel.[3]

---

[3]Petitioner makes a conclusory allegation in his Brief in Support of the Petition that his appellate counsel provided constitutionally ineffective assistance by "fail[ing] to present an argument based on the District Attorney's misconduct during closing arguments.  Proposition I documents numerous specific examples of misconduct by the District Attorney."  Brief in Support of Petition, at 18.  Because this cursory allegation is not supported by legal authority, the allegation will not be addressed herein. See Almaraz, 306 F.3d at 1041.

With respect to the ineffective assistance of trial counsel claim raised in Petitioner's post-conviction application, the OCCA refused to review this issue because Petitioner had not raised this particular Sixth Amendment claim in his direct appeal (although Petitioner raised and the OCCA addressed the merits of an ineffective assistance of trial counsel claim directed toward trial counsel's failure to object to allegedly improper victim impact evidence admitted at trial).  In his post-conviction application, Petitioner asserted that his trial counsel provided constitutionally ineffective assistance by failing to call defense witnesses Faith Foote, Scott Fletcher, and Trent Alan, failing to object to the testimony of Ms. Finney on the grounds of spousal privilege and improper "other crimes" evidence and on the ground that the testimony was more prejudicial than probative, failing to request a jury instruction regarding Oklahoma's statutory "85%" rule for certain offenders, and failing to adequately impeach the testimony of prosecution witnesses Ms. Finney, Ms. Hadlock, and Ms. McLaughlin.  OR PC 19-23.

In his Brief in Support of the Petition, Petitioner has not raised most of these underlying allegations in support of his ineffective assistance of trial counsel claim.[4] Petitioner contends that his trial counsel failed to present two defense witnesses, Faith Foote and Scott Fletcher, who would have provided testimony corroborating Petitioner's trial testimony.  Petitioner also contends that his trial counsel provided ineffective assistance by

---

[4]The undersigned declines to consider the allegations contained in Petitioner's *pro se* state court post-conviction pleadings in support of this claim, given the fact that Petitioner is represented by counsel.

failing to object to the prosecutor's closing argument in several instances.  Petitioner's claim of ineffective assistance of trial counsel due to counsel's failure to object to particular portions of the prosecutor's closing arguments, see Brief in Support of Petition, at 12-17, was not raised in Petitioner's appeal or in his post-conviction application.  Petitioner has therefore failed to demonstrate exhaustion of this allegation of ineffective assistance of trial counsel.[5]

Petitioner also asserted in his post-conviction application claims of (1) improper admission of "other crimes" evidence; (2) denial of the right to an impartial jury; (3) insufficiency of the evidence, and (4) denial of his right to have punishment assessed by a jury. OR PC 13-19, 23-28, 34-37. Petitioner has raised these same claims in grounds five through eight of the Petition.

In the OCCA's decision affirming the district court's denial of Petitioner's post-conviction application, the OCCA relied on its well-established procedural default rule to bar collateral review of all of Petitioner's claims except his claim of ineffective assistance of appellate counsel.  The OCCA's decision regarding these issues was certainly independent of federal law.  See Brecheen, 41 F.3d at 1363.  Generally, the OCCA's application of its procedural default rule in denying post-conviction relief is also an adequate state ground for the court's decision. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998).  As to Petitioner's claims asserted in grounds five, six, seven, and eight, the OCCA's reliance on

---

[5]Despite nonexhaustion of these underlying allegations, the Court may deny habeas relief. 28 U.S.C. § 2254(b)(2).

its procedural bar rule to deny Petitioner's post-conviction appeal raising these same claims is an independent and adequate state ground for the decision. Petitioner must therefore show cause and prejudice or a fundamental miscarriage of justice in order to obtain federal habeas relief of the merits of these procedurally defaulted claims.

With respect to the Petitioner's claim in ground one of ineffective assistance of trial counsel based on trial counsel's failure to call two potential defense witnesses, the OCCA's application of its procedural bar rule in denying post-conviction consideration of this same claim is independent of federal law. Oklahoma's procedural bar rule is an adequate basis for the OCCA's decision not to review this Sixth Amendment claim so long as the state's procedures (1) allowed the Petitioner an opportunity to consult with separate counsel on appeal in order "to obtain an objective assessment of trial counsel's performance" and (2) either the claim could have been resolved on the trial record alone or the state provided a procedural mechanism on direct appeal for the Petitioner to adequately develop the factual basis of the ineffective assistance claim. See Cannon v. Mullin, 383 F.3d 1152, 1172-1175 (10th Cir. 2004, cert. denied, 544 U.S. 928 (2005). Accord, Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir. 1998). The Oklahoma procedural bar "will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claims can be resolved on the record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." Snow v. Sirmons, 474 F.3d 693, 726 n. 35 (10th Cir. 2007).

In this case, Petitioner had separate appellate counsel.  With respect to Petitioner's contention that his trial counsel should have called two defense witnesses to corroborate his trial testimony, this contention cannot be resolved based on the trial record alone.  Petitioner presented affidavits of these two potential defense witnesses with his post-conviction application to support his contention.  As to this particular portion of Petitioner's ineffective assistance of trial counsel claim, Respondent contends that Oklahoma's special appellate remand rule, Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, tit. 22, ch. 18, app. (1998), was firmly established in December 2005, when Petitioner's appellate brief was filed.  Thus, Respondent contends that this ineffective assistance of trial counsel claim is procedurally barred.

Petitioner has not asserted that OCCA's special appellate remand rule was inadequate. Accordingly, Petitioner has not satisfied his burden of placing the adequacy of Oklahoma's remand procedure in issue.  See Snow, 474 F.3d at 726 n. 35 (finding state has initial burden of asserting habeas petitioner procedurally defaulted his claims under an adequate procedural bar and, if state has done so, burden of proof shifts to petitioner to present "specific allegations ... as to the inadequacy of the state procedure")(quotation omitted).  Thus, because there is no dispute regarding the adequacy of Oklahoma's special appellate remand procedure, Petitioner must show cause and prejudice or a fundamental miscarriage of justice in order to obtain federal habeas review of his procedurally defaulted ineffective assistance of counsel claim.

In Petitioner's post-conviction appeal, the OCCA rejected Petitioner's claim of

20

ineffective assistance of appellate counsel, which he presented as both an independent ground for relief and as cause for his failure to raise his procedurally-defaulted claims in his direct appeal.   The OCCA reasoned that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." Response, Ex. 5, at 2 (citing Cartwright v. State, 708 P.2d 592 (Okla. Crim. App. 1985)).

The OCCA did not address the merits of Petitioner's underlying claims in rejecting his ineffective assistance of appellate counsel claim.  The OCCA has been criticized by the Tenth Circuit Court of Appeals in the past for not properly applying the governing Strickland standard to claims of ineffective assistance of appellate counsel. See Cargle v. Mullin, 317 F.3d 1196, 1202-1205 (10th Cir. 2003).  The court in Cargle noted that the OCCA had followed a truncated version of the Strickland test which enabled the OCCA "to reject appellate ineffectiveness allegations *without any assessment of the merits of underlying predicate claims*, so that the OCCA ha[d] been able to declare that a 'failure to raise even a meritorious claim does not, in itself, constitute deficient performance.'" Id. at 1204 (emphasis in original)(quoting Slaughter v. State, 969 P.2d 990, 996 (Okla. Crim. App. 1998)).

The OCCA's decision in Petitioner's post-conviction appeal is troubling with respect to the court's rationale for rejecting Petitioner's ineffective assistance of appellate counsel claim.  In Cargle, the Tenth Circuit explained that it is "clearly wrong, as a matter of federal law, to require as a necessary condition for relief under Strickland, something beyond the obvious merit of the omitted claim, ... and no test that ignores the merits of the omitted claim

in conducting its ineffective assistance of appellate counsel analysis comports with federal law." Id. at 1205.  Despite this clear explanation of federal law, the OCCA failed to address the merits of the allegedly omitted issues in resolving Petitioner's ineffective assistance of appellate counsel claim.

The court in Cargle determined that AEDPA deference is not automatically accorded to the OCCA's decisions regarding an ineffective assistance of appellate counsel claim, and the appellate court instead concluded that whether such a decision is accorded AEDPA deference is to be decided "upon a case-specific determination of whether the OCCA followed established Strickland standards, including the principle that ineffective appellate assistance can be established on the basis of the demonstrable merit of the issue omitted by counsel on the petitioner's direct appeal." Cargle, 317 F.3d at 1205.  Because the OCCA's decision in this case did not apply the controlling federal standard, it is not entitled to deference on habeas review, and the issue will be considered *de novo*. See Wilson v. Oklahoma, 192 Fed.Appx. 755, 757, 759 n. 4 (10th Cir. Aug. 17, 2006)(unpublished op.)(finding that decision by OCCA concerning ineffective assistance of appellate counsel claim which employed same conclusory statement was not entitled to AEDPA deference).

For Petitioner to establish he is entitled to habeas relief concerning his allegation of ineffective assistance of appellate counsel, Petitioner must satisfy both prongs of the test established in Strickland, supra; that is, he must show that his attorney's representation fell below an objective standard of reasonableness and that counsel's errors prejudiced the defense. Strickland, 466 U.S. at 687.  "Judicial scrutiny of the adequacy of attorney

performance must be strongly deferential: '[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997)(quoting Strickland, 466 U.S. at 689). "Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the error." Id. Accord, Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689. Prejudice, under the second prong, is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The Sixth Amendment "does not require an attorney to raise every nonfrivolous issue on appeal." Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995)(citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). "It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable claims and pursue issues on appeal which are more likely to succeed." Jackson, 143 F.3d at 1321. If an issue that appellate counsel failed to raise has merit, the court must determine whether counsel's failure to raise the issue was deficient and prejudicial. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).

"If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance...." Cargle, 317 F.3d at 1202. If the omitted issue "has merit but is not so compelling ... [the court must assess] ... the issue relative to the rest of the appeal, and

deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Id. See Hawkins, 185 F.3d at 1152 (if omitted issue is meritless, then counsel's failure to raise it on appeal is not constitutionally ineffective assistance).

"Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998). "Because the same legal standards govern [a habeas] petitioner's underlying claim of ineffective assistance of counsel and his closely related burden to show cause for his state law procedural default, [the reviewing court] must determine whether [the] petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim." Id. at 1273.

Petitioner contends that his appellate counsel provided constitutionally ineffective assistance by failing to assert specific claims of ineffective assistance of trial counsel. With his post-conviction application, Petitioner included photocopies of correspondence with his court-appointed appellate counsel. In one of these letters dated December 14, 2005, Petitioner's appellate counsel, Mr. Hoover, addressed certain issues that Petitioner felt should have been raised in the brief filed in Petitioner's direct appeal. OR PC, at 62-66. Mr. Hoover advised Petitioner in this letter that he had "carefully considered" raising an ineffective assistance of trial counsel claim but concluded that Petitioner's defense counsel "raised the relevant issues for the jury to consider (and made appropriate objections at the bench which you did not hear)," and he "did not believe" he could assert an ineffective assistance of

counsel claim based on the trial record. OR PC 64. Nowhere in this letter or in the other correspondence attached to the post-conviction application is there any indication that Petitioner informed his appellate counsel that his trial counsel had agreed to present Ms. Foote and Mr. Fletcher as defense witnesses in order to corroborate his trial testimony. Nevertheless, even assuming Petitioner advised his appellate counsel of this alleged agreement, Petitioner has not shown that this issue was meritorious under the governing Strickland, supra, standard.

Petitioner's trial counsel's performance is assessed from counsel's "perspective at the time of that performance, considered in light of all the circumstances." Medina v. Barnes, 71 F.3d 363, 368 (10th Cir. 1995). In order to be constitutionally ineffective, counsel's "strategic decision must have been completely unreasonable, not merely wrong." Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir.)(quotation and citation omitted), cert. denied, 531 U.S. 938 (2000). "Generally, the decision whether to call a witness rests within the sound discretion of trial counsel." Jackson v. Shanks, 143 F.3d 1313, 1320 (10th Cir. 1998).

In Ms. Foote's affidavit presented with Petitioner's post-conviction application, Ms. Foote avers that she "was listed as a witness for the trial" of Petitioner. OR PC 77. However, Ms. Foote was not endorsed as a defense witness in the case. OR 83-86, 173-175. Ms. Foote avers that she would have testified that Petitioner's clothes were not "in disarray or dirty" when he "came home" the night of October 8, 2003, and that she never observed "any wounds or bite marks on Mr. Foote's penis." OR PC, at 77. Although Petitioner contends that Ms. Foote's testimony would have corroborated his testimony that he did not commit the

offenses, neither of these proposed statements showed Petitioner's innocence of the offenses. As one of Petitioner's then-girlfriends, it was reasonable for trial counsel to assume that Ms. Foote's testimony would have been viewed as suspect by the jury.   Under these circumstances, counsel's decision not to call her as a witness was strategically sound.

With respect to Petitioner's assertion that his trial counsel provided constitutionally ineffective assistance by failing to call Mr. Fletcher as a witness, the record shows that Mr. Fletcher was endorsed as a potential defense witness. OR 174.  The gist of Mr. Fletcher's testimony was described as relaying a "[c]onversation with Jeff Mellencamp in which Mellencamp admits he was solely responsible for throwing [the victim] off of bridge [and] also observed Mellencamp's violent behavior." OR 174.  There is no explanation in the record as to why Mr. Fletcher was not called as a defense witness.  The defense rested after calling Petitioner as a witness. TR vol. III, at 618.

According to Mr. Fletcher's affidavit, he would have testified that "around the middle of October, 2003" Mr. Melencamp informed Mr. Fletcher that he was "upset with" Petitioner, that Mr. Melencamp had "chunked a woman off a bridge ... because she was giving him oral sex and she bit his penis."  OR PC 78.  Mr. Fletcher avers that he also would have testified to Mr. Melencamp's "history of getting drunk and being violent towards women," including a specific episode with a girlfriend on an unidentified date. OR PC 78.

This purported testimony was hearsay and would have been admissible solely to impeach Mr. Melencamp's testimony. Okla. Stat. tit. 12, § 2801. Moreover, this purported testimony would not have been consistent with Petitioner's testimony.  Petitioner testified

that the victim was drunk and she "decide[d] to just ... flop over backwards" off of the bridge or she "lost control of herself and fell off" of the bridge, suggesting she was not pushed off the bridge by anyone.  TR vol. III, at 583.  Thus, Mr. Fletcher's testimony would not have corroborated Petitioner's testimony.  The prosecutor filed a motion in limine before Petitioner's trial to preclude admission of the proposed testimony by Mr. Fletcher on the grounds that the statements were inadmissible hearsay and irrelevant. OR 114-115.  Although the record does not indicate that a ruling was made concerning this particular motion,[6] under the circumstances present at the time of the trial defense counsel's decision not to call this potential witness was not outside "the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and counsel's performance was not deficient in failing to call Mr. Fletcher as a witness.

Petitioner also asserts that his trial counsel provided constitutionally ineffective assistance by failing to object in several instances to statements made by the prosecutor during closing arguments. Brief in Support of the Petition, at 12-17.  Even if trial counsel's decisions in this respect were unreasonable, Petitioner has failed to show that he was prejudiced by counsel's actions.  Nor has Petitioner shown actual prejudice as a result of his trial counsel's failure to call potential defense witnesses Ms. Foote and Mr. Fletcher.

In order to demonstrate prejudice, which is the second prong of the Strickland

---

[6]The record contains a brief note in a court minute dated September 14, 2004, indicating the "motion in limine moot [sic]." OR 268.  However, nothing indicates that this ruling concerned the motion in limine directed toward Mr. Fletcher's purported testimony.

standard, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.   Considering the evidence admitted at Petitioner's trial, Petitioner has not shown a reasonable probability that the result of the trial would have been different absent counsel's allegedly deficient actions.

The evidence admitted at trial of Petitioner's guilt was substantial.[7]   The victim's testimony and Mr. Melencamp's testimony were consistent regarding Petitioner's culpability. Petitioner's testimony was impeached in numerous respects on cross-examination and by prosecution witnesses, and obviously the jury did not find Petitioner's version of the events on the night of the offenses to be credible in light of the other substantial evidence of his guilt presented during the trial.   Accordingly, Petitioner has not demonstrated a reasonable probability that the result of the trial would have been different absent his counsel's actions. For the same reasons, Petitioner has also failed to demonstrate constitutionally ineffective assistance of trial counsel because he has not shown actual prejudice with respect to the procedurally-defaulted claims he asserts in grounds five through eight.

Because Petitioner has not shown that an ineffective assistance of trial counsel claim

---

[7]The judge presiding over Petitioner's sentencing noted that "the range of punishment on [the Assault and Battery with Intent to Kill and Kidnapping offenses] imposed and recommended by the jury were the maximum punishments allowed for those offenses, which clearly is an indication to the Court of [the jury's] attitude in determining your guilt and innocence...." Sentencing Transcript, at 15. See OR 440-441 (jury instructions concerning punishment range for these offenses).

28

was meritorious, he has failed to show that his appellate counsel's failure to assert such a claim was objectively unreasonable.  Accordingly, Petitioner has not shown that the OCCA's decision in this respect was contrary to or an unreasonable application of the governing Strickland standard.  Because Petitioner has failed to show that his appellate counsel provided constitutionally ineffective assistance, Petitioner has failed to demonstrate cause for his procedural default of his claims in grounds one, five, six, seven, and eight.  Accordingly, federal habeas review of the merits of these claims is barred by Petitioner's state court procedural default unless Petitioner demonstrates "actual innocence of the substantive offense[s]."  See Dretke v. Haley, 541 U.S. 386, 387 (2004)("Normally, a federal court will not entertain a procedurally defaulted constitutional claim in a habeas petition absent a showing of cause and prejudice to excuse the default.  However, this Court recognizes a narrow exception to the general rule when the applicant can demonstrate actual innocence of the substantive offense...."); Coleman, 501 U.S. at 750.  Petitioner has not relied on the "fundamental miscarriage of justice" exception to the procedural default doctrine.  "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial."  Calderon v. Thompson, 523 U.S. 538, 559 (1998)(quotation omitted).  This stantard requires the habeas petitioner to "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  The petitioner has the burden to present new evidence so persuasive that "more likely than not, in light of the new evidence, no reasonable juror would find him

guilty beyond a reasonable doubt." <u>House v. Bell</u>, 547 U.S. 518, 536-537 (2006).  Although

Petitioner has alleged, as he did in his state court post-conviction proceeding, that insufficient

evidence was presented at his trial to support his convictions, it is not "sufficient [under

<u>Schlup</u>] for a petition to simply attack the evidence actually presented at his trial...."

<u>Cummings v. Evans</u>, 506 F.3d 1211, 1224 (10th Cir. 2007).  The only new evidence outside

of the trial and court records submitted in this case are the documents Petitioner attached to

his state court post-conviction application in support of his claim of his claim of actual

innocence urged in that *pro se* application.  However, these documents do not raise sufficient

doubt about the Petitioner's guilt to undermine confidence in the result of the trial.  In an

unsworn document purportedly authored by Mr. Melencamp, Mr. Melencamp recants his

trial testimony.  Petitioner has not demonstrated that this document is reliable evidence of his

actual innocence.  Nor has Petitioner shown that the other post-trial evidentiary documents

attached to his state court post-conviction proceeding were either exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence of his actual

innocence.  Accordingly, Petitioner has not shown that this Court's failure to review the

merits of his procedurally-defaulted claims will result in a fundamental miscarriage of

justice, and federal habeas review of his procedurally defaulted claims is barred.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED .  The parties are advised of their

respective right to file an objection to this Report and Recommendation with the Clerk of this

Court by _____August 12th_____ , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____23rd_____ day of _____July_____, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE