### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS FOOTE, | ) |
|       Petitioner, | ) |
| vs. | )   Case No. CIV-08-0223-F |
| GREG PROVINCE, Warden, | ) |
|       Respondent. | ) |

### ORDER

This action seeks habeas relief under 28 U.S.C. § 2254. Petitioner appears *pro se*, having previously appeared by counsel. Petitioner's *pro se* pleadings are liberally construed.

On July 23, 2008, Magistrate Judge Gary M. Purcell entered his Report and Recommendation in this matter, recommending that the petition be denied. Petitioner's then-counsel filed objections; counsel was allowed to withdraw based on his representation that his client, petitioner, had lost confidence in counsel's ability to represent him; and petitioner was allowed an extension of time within which to file his *pro se* objections to the Report and a supplement to those objections. (Doc. nos. 24, 25, 26, 28, 29). The court has considered all of the objections filed, regardless of the filer, and has liberally construed the objections filed by the petitioner *pro se*.

There is no need for any further analysis with respect to the matters covered in the Report, or in the objections filed by counsel which the court, after careful consideration, overrules. The court, however, makes the following findings regarding

the two matters raised by petitioner in his *pro se* objections.  The court has reviewed petitioner's objections *de novo*, as requested by petitioner in his *pro se* objections.

Petitioner first argues he had ineffective assistance of appellate counsel during his direct appeal because his appellate counsel failed to pursue an argument in petitioner's post-conviction appeal based on Anderson v. State of Oklahoma, 130 P.3d 273 (2006).[1]  Anderson, which was decided in 2006 after petitioner was convicted in March of 2005, states that "[a] trial court's failure to instruct on the 85% Rule in cases before this decision will not be grounds for reversal."  *Id*. at 283.   Thus, Anderson provides that the decision is to be given only prospective relief.  Anderson also states that its ruling "does not amount to a substantive change in the law."  *Id*. at 283.

When ineffective assistance of counsel is alleged, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.  United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997), citations omitted.  It is not reasonable to expect petitioner's appellate counsel to guess that a decision characterized by the issuing court as non-substantive and as not providing grounds for reversal, would apply to petitioner's  appeal.[2]  Moreover, the 85% Rule is based on law specific to Oklahoma.  Habeas relief under the Antiterrorism and Effective Death Penalty Act allows relief only where the state

---

[1]Anderson holds that the "85% Rule," which requires a convicted defendant to serve at least 85% of his sentence within the Department of Corrections, is a specific and readily understood concept about which the jury should be informed.  Anderson, 130 P.3d at 282.

[2]Petitioner relies on an order in Chandler v. Oklahoma, filed in the Court of Criminal Appeals on April 15, 2008, a date after his direct appeal was concluded, for  petitioner's position that Anderson can be applied retrospectively.  The order in Chandler is limited to "the particular facts of this case."  (Order, p. 5, attached to petitioner's supplemental filing, doc. no. 29, ex. 2.)

ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1). Petitioner has not shown an unreasonable application of controlling Supreme Court precedent.

Petitioner's second *pro se* argument is based on James v. State, 152 P.3d 255 (Okla. Crim. App. 2007), decided on January 8, 2007, after the conclusion of petitioner's direct appeal. Petitioner correctly argues that in James, the Court of Criminal Appeals reversed its previously more liberal stance on allowance of evidence of other crimes or bad acts in sexual assault cases, no longer allowing, in certain cases, the "greater latitude" rule previously set out in Myers v State, 17 P.3d 1026 (Okla. Crim. App. 2000). Petitioner argues that damaging evidence regarding testimony by Dawn Finney, his ex-wife, about statements petitioner made to her during sex play while she role-played as a hitchhiker, should not have been allowed into evidence under James. The statement petitioner argues should have been excluded was Finney's testimony that petitioner told her, during fantasy sex play, that "nobody rides for free." This was damaging evidence, petitioner argues, because the victim of the crimes of which petitioner was convicted testified that something similar was said to her during the criminal acts.[3] Such a statement, made during sexual role-playing between consenting adult partners, is not a crime, bad act, or other act so similar to the act charged as to arguably make the statement inadmissible. James is of no help to petitioner.

---

[3] Petitioner was convicted of first degree rape, aiding and abetting assault and battery with intent to kill, and kidnaping.

Accordingly, all objections to the Magistrate Judge's Report and Recommendations are **OVERRULED**. The Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. The petition for habeas relief is **DENIED**.

Dated this 29th day of October, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0223p004(pub).wpd